IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tyler M. Harris,
By Guardian, Katrina Munnerlyn,

        Plaintiff    :  Civil Action 2:07-cv-643

v.    :  Judge Sargus

Michael J. Astrue,    :  Magistrate Judge Abel
Commissioner of Social Security,
        Defendant    :

**ORDER**

This matter is before the Court on plaintiff Tyler M. Harris's objections to Magistrate Judge Abel's June 2, 2008 Report and Recommendation. The Court, having reviewed the record *de novo*, determines that there is substantial evidence supporting the administrative law judge's determination that plaintiff Tyler M. Harris, a child who was then 14 years, is not disabled within the meaning of the Act. The Court further finds for the reasons set out below that plaintiff's objections to the Report and Recommendation are without merit.

Plaintiff argues that the administrative law judge failed to address the August 23, 2003 report of Mary K. Long, Tyler's fifth grade teacher, that he had trouble focusing even on medications and that he would not complete minimal work or full instructions. Plaintiff argues that the administrative law judge failed to address this report in his decision, and an administrative law judge is not permitted to pick and choose evidence that supports his decision and ignore contradictory evidence.

The Magistrate Judge acknowledged that plaintiff's fifth grade teacher had noted his difficulty focusing even when taking his medications, although the administrative law judge did not cite to this specific report. Despite Ms. Long's statement, the Magistrate Judge concluded that there was other substantial evidence in the record supporting the administrative law judge's determination that medication improved Tyler's attention problems. The Magistrate Judge noted that the administrative law judge relied on Dr. Michalec's December 2003 evaluation that stated that Tyler's hyperactivity, impulsivity, and attention problems had significantly improved with medications. (R. 16.) Similarly, in July 2004, Dr. Kastens opined that Tyler had only moderate limitations in attention and concentration although he was distractible and easily frustrated, but he also noted that Tyler had improved on medication. (R. 289.) The September 2003 and March 2004 reports of state agency psychologists also indicated that Tyler had less than marked limitations in attending and completing tasks. (R. 259, 299.)

Plaintiff also argues that the administrative law judge and the Magistrate Judge ignored evidence supporting a finding of extreme limitation in his ability to interact and relate with others. The Magistrate Judge did not err when he concluded that substantial evidence supported the administrative law judge's determination that Tyler had a marked, but not extreme limitation in his ability to interact and relate with others. The administrative law judge relied on the opinion of the medical expert. Other substantial evidence in the record supports this determination. The report of Dr. Kastens, who

2

acknowledged that Tyler had frequent conflicts with peers, bullying, and defiance toward authority figures, concluded that Tyler's limitations were marked, rather than extreme. (R. 290.) In March 2004, the state agency psychologist also concluded that Tyler's limitations were marked. (R. 299.) Another state agency psychologist concluded that Tyler's limitations were less than marked. (R. 259.) Furthermore, the administrative law judge relied on Tyler's testimony that he had friends at school. (R. 373.)

Plaintiff further argues that administrative law judge and the Magistrate Judge ignored evidence demonstrating that he had a marked limitation with respect to his ability to acquire and use information. When Tyler was examined at Children's Health Behavioral Health Services, he exhibited an unmotivated attitude and did not engage in spontaneous speech. He rarely answered questions with any elaboration. He had poor attention and concentration.

Despite plaintiff's assertion that his test results and grades showed that he had difficulty acquiring and using information, the record contained substantial evidence demonstrating otherwise. The Magistrate Judge noted that in January 2004, Tyler's teacher reported that Tyler had age-appropriate cognitive function and that in June 2004, his teacher indicated that Tyler had no problems acquiring and using information. Furthermore, Dr. Kontras noted that Tyler was on the honor roll and earning good grades despite continued behavior issues. (R. 330, 341.) The administrative law judge noted that despite being enrolled in special education classes, Tyler's academic achievement ranged from average to honor roll. (R. 18.)

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation. Plaintiff's motion for summary judgment is **DENIED**. Defendant's motion for summary judgment is **GRANTED**. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendant. This action is hereby **DISMISSED**.

9-23-2008
Edmund A. Sargus, Jr.